# NO. 12-09-00318-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSE INES GOMEZ-ESPINOZA,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jose Ines Gomez-Espinoza appeals his convictions for indecency with a child, for which he was sentenced to imprisonment for twenty years for each offense. In two issues, Appellant contends that his convictions for indecency with a child are barred by double jeopardy and that there was insufficient evidence to support his second indecency conviction. We affirm.

### BACKGROUND

Appellant was charged by indictment with one count of aggravated sexual assault of a child and two counts of indecency with a child. Specifically, the indictment alleged that Appellant had (1) intentionally or knowingly caused the penetration of the anus of the victim, a child younger than fourteen years of age, by his finger or an unknown object and (2) in two other instances, with the intent to arouse or gratify his sexual desire, intentionally or knowingly engaged in sexual contact by touching the genitals of the victim, a child younger than seventeen years of age. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

The evidence presented at trial indicates that the victim, eight-year-old B.G., was at his aunt's house attempting to sleep when Appellant approached him and, on the outside of B.G.'s

clothes, penetrated B.G.'s anus with his finger.[1]  B.G. testified at trial that Appellant had touched his penis[2] "lots of times" with his "whole hand" on the outside of his clothes.  B.G. later clarified that this had occurred more than twice, but fewer than ten times.  B.G. further testified that Appellant had touched him on his buttocks[3] once or twice with his finger on the outside of his clothes.  Gloria Carter, B.G.'s great aunt, testified concerning B.G.'s outcry statement.  Carter related that B.G. told her of an occasion when he was in the bathroom and Appellant entered the bathroom and touched his penis.

Following the presentation of evidence, the jury found Appellant "guilty" as charged on each count.  The matter proceeded to a trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment for fifty years for aggravated assault of a child and twenty years for each count of indecency with a child.  The trial court sentenced Appellant accordingly, and this appeal followed.

## DOUBLE JEOPARDY

In his first issue, Appellant contends that the trial court was without legal authority to enter a judgment of conviction and pronounce sentence on the two counts of indecency with a child because doing so violated Appellant's Fifth Amendment protection against double jeopardy.  Specifically, Appellant argues that the evidence that Appellant touched B.G.'s penis is not specific regarding time, date, or circumstance and that the bulk of the testimony concerns the penetration of B.G.'s anus.  Thus, according to Appellant, his touching and penetrating of B.G.'s anus constituted one act.

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. CONST. amend. V.  This clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  ***Ex parte Watkins***, 73 S.W.3d 264, 267 n.5 (Tex. Crim. App.

---

[1] Appellant has not challenged the sufficiency of the evidence supporting his conviction for aggravated sexual assault of a child.

[2] B.G. referred to his penis as "private area number one."

[3] B.G. referred to his buttocks as "private area number two."

2

2002); *see also* **Illinois v. Vitale**, 447 U.S. 410, 415, 100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980). Appellant invokes the third of these protections. Appellant did not raise this double jeopardy claim below, but under the circumstances presented, the alleged violation may be raised for the first time on appeal. *See* **Shaffer v. State**, 477 S.W.2d 873, 875–76 (Tex. Crim. App. 1971); **Casey v. State**, 828 S.W.2d 214, 216 (Tex. App.–Amarillo 1992, no pet.) (defendant not required to preserve claim of double jeopardy where trial court either knows or should know of former proceedings, i.e., where former jeopardy arose in the same case).

The test for determining whether two offenses are dissimilar for jeopardy purposes is whether either offense requires proof of a fact that the other does not. *See* **Blockburger v. United States**, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). With regard to sexual offenses, the court of criminal appeals has determined that the legislature intended to punish separate acts, even though such acts might be in close temporal proximity; that is, the legislature, through the language of the statute, has rejected grouping aggravated sexual assaults by transaction. *See* **Vick v. State**, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).

In the case at hand, we need not determine whether Appellant committed an act of indecency in close temporal proximity to his commission of aggravated sexual assault of a child. B.G. testified at trial that Appellant had touched his penis "lots of times" with his "whole hand" on the outside of his clothes. B.G. later clarified that this had occurred more than twice, but fewer than ten times. No evidence was elicited at trial concerning the date on which these touchings occurred. But the State is not required to prove the precise date alleged in the indictment when, as here, an indictment alleges that an offense was committed "on or about" a certain date. *See* **Sledge v. State**, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Based on our reading of B.G.'s testimony, we conclude that it can be reasonably interpreted to support that Appellant touched B.G.'s penis on more than two separate instances. Thus, Appellant has not been subjected to multiple punishments for the same offense. Accordingly, we hold that the trial court's judgments of conviction and sentences for indecency with a child do not violate Appellant's constitutional protections against double jeopardy. Appellant's first issue is overruled.

In his second issue, Appellant argues that there was neither legally nor factually sufficient evidence to support the second count of indecency with a child of which he was convicted. Specifically, Appellant argues that the State's evidence, taken as a whole does not support that there was "other sexual contact made by [A]ppellant against [B.G.]."

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the jury's verdict. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

In reviewing factual sufficiency, we consider all the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Id.*; *see Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting

evidence, as to render the conviction clearly wrong and manifestly unjust." ***Ortiz v. State***, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); *see also* ***Watson v. State***, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); ***Sims v. State***, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003).

Under either the legal sufficiency or factual sufficiency standard, our role is that of appellate review, and the fact finder is the sole judge of the weight and credibility of a witness's testimony. ***Wesbrook v. State***, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. ***Sharp v. State***, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Moreover, the legal and factual sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. ***Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see* ***Wooley v. State***, 273 S.W.3d 260, 268 (Tex. Crim. App. 2008). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." ***Malik***, 953 S.W.2d at 240.

In order to support a conviction for indecency with a child, the State was required to prove, among other things, that Appellant engaged in sexual contact with B.G. by touching B.G.'s genitals. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c) (Vernon Supp. 2009). Appellant has challenged only the sufficiency of the evidence supporting his conviction for the latter count of indecency with a child. In other words, Appellant contends that the evidence does not support that there were two separate instances in which he touched B.G.'s genitals. Appellant does not challenge the remaining elements of indecency with a child common to both counts for which he was convicted. As such, we limit our analysis to whether there was sufficient evidence to support two separate instances of Appellant's touching B.G.'s genitals.

The testimony of a child sexual abuse victim alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); ***Martinez v. State***, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005); ***Garcia v. State***, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). Here, as set forth previously, B.G. testified that Appellant had touched his penis "lots of times" with his "whole hand" on the outside of his clothes. B.G. later clarified that this had occurred more than twice, but fewer than ten times.

Moreover, Carter testified that B.G. told her of an occasion when he was in the bathroom and Appellant entered the bathroom and touched his penis. Based on our review of the record, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant touched B.G.'s penis in at least two separate instances. Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment.

Turning to the issue of factual sufficiency, Appellant notes that Carter only testified concerning one instance related to her by B.G. in which Appellant touched his penis. Based on our reading of Carter's testimony, we do not conclude that B.G.'s relating only this single instance of Appellant's touching his genitals contradicts his own testimony that Appellant touched his penis more than twice, but fewer than ten times. Having reviewed the record in its entirety, we cannot conclude that the great weight and preponderance of the evidence contradicts the verdict or that the jury's finding of "guilty" is "clearly wrong" or "manifestly unjust." Therefore, we hold that the evidence is factually sufficient to support the trial court's judgment.

Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered August 18, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)